UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


| | | |
|---|---|---|
| **DAVID B. TODD, III** | ] | |
| Petitioner, | ] | |
| | ] | |
| v. | ] | No. 3:12-0482 |
| | ] | Judge Trauger |
| **STATE OF TENNESSEE** | ] | |
| Respondent. | ] | |


**M E M O R A N D U M**

The petitioner, proceeding *pro se*, is an inmate at the Federal Prison Camp in Manchester, Kentucky. He brings this action pursuant to 28 U.S.C. § 2254 against the State of Tennessee, seeking a writ of habeas corpus.

**I. Background**

In March, 2009, the petitioner pled guilty in Davidson County to the attempted theft of property worth in excess of sixty thousand dollars ($60,000). Docket Entry No.23-2 at pg.17. For this crime, he received a sentence of five years of supervised probation. Docket Entry No.23-3. Having pled guilty, there was no direct appeal of the conviction taken by the petitioner.

Later, however, the petitioner filed a *pro se* petition for post-conviction relief in the Criminal Court of Davidson County. Docket Entry No.23-5. Following the appointment of counsel, the

1

petitioner decided to withdraw the post-conviction petition. Docket Entry No.23-7. On May 19, 2011, an agreed order was entered dismissing the post-conviction petition. Docket Entry No.23-8.

## II. Procedural History

On April 10, 2012, the petitioner filed the instant petition (Docket Entry No.1) for federal habeas corpus relief.[1] The petition sets forth three claims for relief.[2] These claims include :

1) the petitioner is actually innocent of the charge;

2) the guilty plea was involuntarily given due to the ineffectiveness of counsel;[3] and

3) the petitioner did not voluntarily file the motion to withdraw his post-conviction petition.

Upon its receipt, the Court conducted a preliminary review of the petition and determined that the petitioner had stated a colorable claim for relief. Accordingly, an order (Docket Entry

---

[1] The petition was stamped by the Clerk's Office as received on April 13, 2012. A pleading from a prisoner, though, is deemed filed on the day that it was given to a prison official for posting. Houston v. Lack, 487 U.S. 266 (1988). In this case, the petitioner signed the petition on April 10, 2012. *See* Docket Entry No. 1 at pg.7. Presumably, the petition was placed in the prison postal system on that same date. Therefore, April 10th is considered to be the date of filing.

[2] The petitioner's claims are found in the petition and a Statement of Facts (Docket Entry No.2) that accompanied the petition.

[3] The petitioner was represented by Peter Strianse, a member of the Davidson County Bar.

2

No.14) was entered directing the respondent to file an answer, plead or otherwise respond to the petition. Rule 4, Rules - - § 2254 Cases.

Presently before the Court is the respondent's Motion to Dismiss (Docket Entry No.23), to which the petitioner has offered an Objection (Docket Entry No.25). Having carefully considered these pleadings and the record as a whole, it appears that an evidentiary hearing is not needed in this matter. *See* Smith v. United States, 348 F.3d 545, 550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is entitled to no relief). Therefore, the Court shall dispose of the petition as the law and justice require. Rule 8, Rules - - § 2254 Cases.

### III. Timeliness of the Petition

In its Motion to Dismiss, the respondent argues that this action is untimely. A one year period of limitation has been placed on the filing of § 2254 petitions. Thus, a prisoner in custody pursuant to the judgment of a state court has one year from the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" in which to file his petition for federal habeas corpus relief. 28 U.S.C. § 2244(d)(1)(A).[4]

---

[4] 28 U.S.C. § 2244(d) actually provides that the limitation period will begin to run from the latest of four dates, one of which is the date the judgment became final. The other three

3

The petitioner pled guilty on March 6, 2009. Docket Entry No.23-2 at pg.17. He did not seek a direct appeal of the conviction. The time for filing a direct appeal expired thirty (30) days after the petitioner was sentenced, Rule 4(a), Tenn. R. App. P., making his conviction final on April 6, 2009. The petitioner then had one year from that date, or until April 6, 2010, in which to seek federal habeas corpus relief.

The habeas corpus petition (Docket Entry No.1) initiating this action was filed on April 10, 2012, more than two years after the expiration of the limitation period. Thus, at first blush, it appears that this action is untimely.

It must be noted, however, that the limitation period is statutorily tolled during the time that a properly filed application for post-conviction relief is pending in the state courts. 28 U.S.C. § 2244(d)(2). In this regard, the petitioner did file a *pro se* post-conviction petition in the Criminal Court of Davidson County on October 14, 2009, one hundred ninety one (191) days after the limitation period had began to run.[5] Consequently, the limitation period was tolled at that point until May 19, 2011, the date on which the petitioner's post-conviction petition was

---

potential dates do not apply in this case.

[5] The 191 days are calculated as follows : 4/7 - 4/30/09 = 24 days + 5/1 - 5/31/09 = 31 days + 6/1 - 6/30/09 = 30 days + 7/1 - 7/31/09 = 31 days + 8/1 - 8/31/09 = 31 days + 9/1 - 9/30/09 = 30 days + 10/1 - 10/14/09 = 14 days for a total of 191 days.

dismissed. Docket Entry No.23-8.

The limitation period resumes running from the point that it had previously stopped, giving the petitioner only one hundred seventy four (365 - 191 = 174) days left in which to initiate this action. Scott v. Collins, 286 F.3d 923, 926 (6th Cir. 2002)(limitation period resumes at the point where it was tolled rather than starting anew). Accordingly, the petitioner had until November 9, 2011 to file his federal habeas corpus petition.[6] Because this action was not filed until April 10, 2012, five months beyond the expiration of the limitation period, the habeas corpus petition is not timely.[7]

Nevertheless, the limitation period does not act as a jurisdictional bar. Accordingly, the one year limitation period is subject to equitable tolling in appropriate circumstances. Griffin v. Rogers, 399 F.3d 626, 631 (6th Cir.2005). The doctrine of

---

[6] The 174 days are calculated as follows : 5/20 - 5/31/11 = 12 days + 6/1 - 6/30/11 = 30 days + 7/1 - 7/31/11 = 31 days + 8/1 - 8/31/11 = 31 days + 9/1 - 9/30/11 = 30 days + 10/1 - 10/31/11 = 31 days + 11/1 - 11/9/11 = 9 days for a total of 174 days.

[7] In a Motion for Leave to Amend (Docket Entry No.26), the petitioner asserts that the limitation period should have been further tolled by the filing of a second petition "based on the same facts and transactions as his first post-conviction petition and 28 U.S.C. § 2254 petition." Docket Entry No.26-1 at pg.2. However, to have a tolling effect, the post-conviction filing must seek collateral review "with respect to the pertinent judgment or claim". 28 U.S.C. § 2244(d)(2). As the attachments to the Motion for Leave to Amend show, the second petition was not a challenge to the petitioner's underlying conviction sufficient to warrant a tolling of the limitation period. *See* Docket Entry No.26-1 at pgs.5-10.

equitable tolling, however, should be applied sparingly. Dunlap v. United States, 250 F.3d 1001, 1008 (6th Cir.2001).

The petitioner bears the burden of showing that he is entitled to an equitable tolling of the limitation period. Keenan v. Bagley, 400 F.3d 417, 420 (6th Cir.2005). To satisfy this burden, the petitioner must establish (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance has stood in his way. Pace v. DiGuglielmo, 544 U.S. 408,418 (2005). The petitioner has offered nothing to suggest that he is deserving of an equitable tolling of the limitation period.

## IV. Conclusion

This action is clearly untimely. The petitioner has given the Court no reason to excuse the untimeliness of this action. As a consequence, the Court finds merit in the respondent's Motion to Dismiss. The Motion will be granted and an appropriate order of dismissal will be entered. Rule 8(a), Rules - - - § 2254 Cases.

_____
Aleta A. Trauger
United States District Judge